OPINION
David R. Hill appeals from a judgment of the Montgomery County Court of Common Pleas, which found that he was a sexual predator.
Hill was convicted in 1994 of ten counts of gross sexual imposition involving two eleven year old girls. On January 15, 1998, the trial court ordered Hill, who was then in prison, to appear for a sexual predator hearing. Hill filed a motion to dismiss, which was overruled by the trial court. A psychological evaluation was conducted and a probation officer completed a screening instrument to assess Hill's likelihood to reoffend. The trial court conducted a hearing on May 22, 1998, at which it considered the probation officer's testimony, the screening instrument, the psychological evaluation, and the presentence report prepared in 1994. After the hearing, the trial court concluded that Hill was a sexual predator.
Hill asserts one assignment of error on appeal.
 THE TRIAL COURT COMMITTED PREJUDICIAL ERROR FINDING THAT APPELLANT IS "LIKELY TO ENGAGE IN THE FUTURE IN ONE OR MORE SEXUALLY ORIENTED OFFENSES" WHICH FINDING IS NOT SUPPORTED BY CLEAR AND CONVINCING EVIDENCE AS MANDATED BY O.R.C. 2950.09(B)(3) AND SO IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
Hill contends that the state did not establish by clear and convincing evidence that he was likely to engage in sexually oriented offenses in the future. He claims that numerous factors indicate that he is not likely to reoffend, including his age, his lack of a history of sexual offenses, his treatment for the alcoholism which allegedly contributed to the offense, the involvement of only two victims, and the "succinct" period of time in which the offenses occurred.
The trial court found that the most compelling factors in reaching its conclusion that Hill was likely to reoffend were his multiple victims and multiple offenses, the ages of his victims, the time period over which the offenses occurred, and Hill's apparent belief that the victims were to blame for and even initiated the sexual contact with him. The most significant of these factors was Hill's continued refusal to accept responsibility for his actions. When questioned by the psychologist, Hill had had difficulty acknowledging that his actions had caused any harm to the victims. He had "projected blame and responsibility onto the child victims" and "presented himself as a victim of sexually aggressive children." The presentence report recognized that accepting responsibility for one's behavior was an important part of rehabilitation, but Hill appeared to have accepted no more responsibility for his offenses in 1998 than he had at the time of his conviction. This factor led the psychologist to conclude that Hill "either [had] not completed a sex offender treatment program or that he [had] not benefitted in any way from participating in sex offender treatment in the Department of Correction." In fact, although Hill told the evaluator that he had participated in a sex offender treatment program in prison, prison records indicated that he had not done so, and the trial court so found. The trial court concluded that Hill's failure to participate in a sex offender program, his willingness to lie about that fact, and his repeated attempts to place blame for his sex offenses on the victims tended to show that he was likely to reoffend.
The trial court also relied upon the length of time — almost one year — over which the offenses had occurred, the fact that there were two victims, and the ages of the victims. The consideration of each of these factors is sanctioned by R.C.2950.09(B)(2). Although Hill viewed the "succinct" period of time during which the offenses occurred as a factor weighing in his favor, the trial court was not required to and did not view the issue in this way. The trial court concluded that the many months of sexual contact between Hill and his victims demonstrated a pattern of abuse rather than an anomaly. Moreover, the fact that there were two victims and that the victims were of a young and vulnerable age raised reasonable concerns by the trial court about Hill's propensity to reoffend, even though the psychologist indicated that there is generally a greater risk of recidivism among offenders whose victims have been of various ages.
Hill claims that he was "heavily involved with alcohol abuse" at the time of the offenses and asserts that he has since addressed his alcohol problem, significantly reducing his risk of recidivism. Although the trial court did not address this factor specifically, it could have reasonably refused to weigh Hill's alleged recovery from alcoholism in his favor for two reasons. First, according to the presentence report, Hill had completed inpatient alcohol treatment in 1988 and had been sober for six years prior to his conviction, including the period during which the offenses occurred. In other words, at the time of sentencing Hill had not claimed that alcoholism was a factor contributing to the offenses. Second, the information in the record about Hill's alleged recovery subsequent to these offenses was provided by Hill himself, with little independent corroboration. The trial court could have reasonably discredited Hill's claims that he had been successfully treated for his alcoholism in light of his false representations to the psychologist that he had participated in treatment for sex offenders.
Based on the circumstances surrounding Hill's offenses, his failure to participate in treatment, and his continued denial of responsibility for his actions, the trial court reasonably concluded that the state had shown by clear and convincing evidence that Hill was likely to engage in sexually oriented offenses in the future and should be designated as a sexual predator pursuant to R.C. 2950.09(B)(3).
The assignment of error is overruled.
The judgment of the trial court will be affirmed.
BROGAN, J. and KERNS, J., concur.
(Hon. Joseph D. Kerns sitting by assignment of the Chief Justice of the Supreme Court of Ohio).
In the Court of Appeals for Miami County.